# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

DEBRO SIDDIQ ABDUL-AKBAR, :
:
      Plaintiff, :
:
v. : Civ. No. 19-961-LPS
:
STATE OF DELAWARE, et al., :
:
      Defendants. :

---

Debro Siddiq Abdul-Akbar, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

February 19, 2020
Wilmington, Delaware

STARK, U.S. District Judge:

I.  **INTRODUCTION**

Plaintiff Debro Siddiq Abdul-Akbar ("Plaintiff") filed this action on May 24, 2019. (D.I. 2) Plaintiff requests that the matter proceed as a class action. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

II.  **BACKGROUND**

Plaintiff claims jurisdiction based upon the United States Government as a defendant and a federal question. (D.I. 2 at 3) Plaintiff lives in the City of Wilmington, Delaware. He alleges that State Defendants are responsible for the educational, correctional, and social services, as well as provision of resources to the community. (*Id.* at 6) Plaintiff alleges that he lives in a mentally debilitating community where poverty has created community trauma, adding that the State of Delaware has repeatedly stated in studies that educational, correctional, and social services systems have failed the people. (*Id.* at 4, 6)

The Complaint alleges that government officials continue to invest monies in and around poverty-stricken areas but the investments fail to create jobs for local residents and contractors who would hire local residents; it adds that the government has not found a way to create jobs for those suffering community trauma and generational poverty. (*Id.* at 5) The Complaint alleges that the State and City own blighted houses and properties in the community, that the properties contribute to poverty and community trauma, and that the properties must be developed in order to treat poverty. (*Id.* at 6)

Plaintiff alleges that the CDC and others have declared the City of Wilmington as suffering from community trauma yet Defendants have failed to put forth a meaningful and effective

1

treatment plan or carried out the recommendations of the CDC. (*Id.*) Plaintiff alleges that those who suffer from mental illness are arrested and detained without treatment, punished by the courts, not rehabilitated while incarcerated, and are then released without treatment and no means of survival, which often leads to a criminal life style. (*Id.* at 5-6) Plaintiff alleges that because of this he lives in a constant and immediate threat to his life and safety. (*Id.* at 6)

Plaintiff alleges deliberate indifference to the welfare of people by the City, State, and Federal government because investments in buildings and companies did not create jobs, reduce generational poverty, or address community trauma and mental illness. (*Id.*) The Complaint alleges these actions or inactions have "failed the Black community and caused community trauma [to] the lives of hundreds to thousands of Black youth." (*Id.* at 7)

Plaintiff seeks monetary damages as well as injunctive relief. He requests counsel and has filed a motion for change of venue. (D.I. 8, D.I. 9)

## III. LEGAL STANDARDS

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

2

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive

3

plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

While the Court is mindful that Plaintiff proceeds *pro se* and is afforded a liberal construction of his pleading, he must allege a deprivation of a right secured by the Constitution or the laws of the United States in order to bring a claim in federal court. The Court can discern no such claim.

Moreover, Defendants State of Delaware and the Delaware Department of Justice are immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it

4

did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007).

In addition, the Complaint fails to allege personal involvement by individual defendants. An individual government defendant in a civil rights action "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Under the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a), Plaintiff's Complaint fails to allege facts that, if proven, would show personal involvement by Defendants John Carney and Wilmington Mayor Michael S. Purzycki.

Finally, the allegations are conclusory and do not state a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Accordingly, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The Court finds amendment futile.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for counsel and motion for change of venue (D.I. 8, D.I. 9); and (2) dismiss the Complaint as legally frivolous and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The Court finds amendment futile.

An appropriate Order follows.